L. Kingsley Smith, J.
Upon the court’s own motion, the memorandum decision heretofore rendered is recalled and the following shall constitute the decision of this court.
This is an application pursuant to CPLR article 78, for a judgment declaring null and void respondent’s suspension of petitioner’s public assistance grant, effective October 31, 1971.
Notice of the proposed suspension, dated October 12, 1971, was admittedly received by petitioner on October 14, 1971, and advised petitioner that, if she wished a review of the proposed action on October 18, 1971, she should write to respondent’s designated representative prior to that date. Stricken from the notice was the provision that petitioner might communicate her desire for review by telephone, and no telephone number was provided although the printed form (Form 227 Rev. 1/69 Notification-Discontinuance or Suspension) was designed to furnish such a number, and previous notices given to petitioner had, in fact, included a telephone number. The notice further stated: “If we do not hear from you before that date, we will assume that you understand the reason for discontinuing (or suspending) your assistance.” (Italics supplied.)
There has been no showing that petitioner communicated with respondent prior to October 18, 1971, but she claims that, by reason of illness on that date, she was unable to appear for review. It is her contention that on or about October 18, her daughter advised respondent by telephone of petitioner’s inability to attend and requested that the review be rescheduled. Respondent claims to have no record of the alleged telephone call.
*319 'While it may he that there was technical compliance on the part of respondent with the notice requirements of 18 NYCRR 351.26 and while petitioner may not have communicated with respondent prior to the date scheduled for review of the proposed suspension of assistance, it is the opinion of this court that, in view of the short interval between the date of the notice and the date scheduled for the review, it was unreasonable for respondent to limit to communication by mail the method by which petitioner might indicate her desire for review. If, as alleged by petitioner, she did not receive the notice until October 14th, that date being a Thursday, it would have been necessary for her to mail her request for review on the same day to effect its receipt by respondent prior to October 18, which was the following Monday. Such a burden should not have been imposed upon petitioner, and the court does not consider that respondent has complied with the spirit of the regulation governing the notice procedure.
Accordingly, petitioner is entitled to judgment, vacating respondent’s action in suspending her public assistance grant and directing that her assistance payments be continued, pending a review of the proposed suspension, to be conducted before a representative of respondent not later than December 15, 1971.